# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD ROBIN BARREN,

    *Plaintiff*,

vs.

PHILIP J. KOHN, *et al.,*

    *Defendants*.

2:12-cv-02023-JCM-GWF

ORDER

    Plaintiff, a Nevada state inmate, has filed an application (#1) to proceed *in forma pauperis* seeking to initiate a civil rights action.

    The papers presented are subject to multiple defects.

    First, the pauper application is incomplete. Both a financial certificate properly executed by an appropriate institutional officer and a statement of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Plaintiff attached a copy of an executed financial certificate, but he did not attach a copy of his inmate trust account statement. Both are required for a properly-completed pauper application.[1]

    Second, plaintiff did not use the court's required civil rights complaint form for the entirety of his complaint. Under LSR 2-1 of the local rules, a *pro se* civil rights complaint must be filed on the court's required complaint form. In the present case, plaintiff used some pages

---

[1] Plaintiff additionally must provide reasonably current financial information. The financial certificate in this instance was executed nearly four months before the complaint was filed.

1  from the required form, but much of the complaint is on a typed facsimile of the required form.
2  The local rule requires that plaintiff use the required form – and the entirety of the form – not
3  a facsimile of the form.  If plaintiff wishes to type his allegations, he must type them on the
4  required form and any additional pages allowed, not on a homemade facsimile.[2]

5      It does not appear from review of the allegations presented that a dismissal without
6  prejudice of the present improperly-commenced action would materially impact the analysis
7  of any timeliness issue or other issues in a promptly-filed new action.[3]

8      IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* (#1)
9  is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new
10 complaint on the required form in a new action together with either a new pauper application
11 with all required, and new, attachments or payment of the $350.00 filing fee.

12     The clerk of court shall SEND plaintiff a copy of the papers that he filed along with the
13 complaint and pauper forms and instructions for both forms.

14     The clerk shall enter final judgment accordingly, dismissing this action without
15 prejudice.

16     DATED:   November 28, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

[2] Plaintiff further must provide a meaningful summary of his allegations in the "Nature of the Case" portion of the complaint form.  While the summary need not be extensive, plaintiff nonetheless must provide more than the meaningless generalities stated in the "Nature of the Case" in the present pleading.

[3] Plaintiff's eight counts present claims that would appear to necessarily imply the invalidity of his 2005 conviction in C212840 in the Eighth Judicial District Court in Nevada.  In assessing the impact of a dismissal without prejudice of the present action, this court takes judicial notice that the court recently rejected a federal habeas challenge to this conviction in No. 2:09-cv-01202-RLH-VCF; and the court of appeals denied a certificate of appealability.  The claims presented therefore either:  (a) are not cognizable in a federal civil rights action; or (b) to the extent that any claims *arguendo* instead previously have been cognizable outside of a habeas action, long since have become time-barred absent substantial tolling separate and apart from the time interval between this action and a promptly-filed new action.  A dismissal without prejudice of the present action would not materially impact the consideration of such issues in a promptly-filed new action.